Case 4:23-cv-00065   Document 36   Filed on 07/28/23 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
July 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JULIEN SIMMONS,<br>    *Plaintiff*,<br><br>v.<br><br>PNC BANK, ET AL.,<br>    *Defendants*. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:23-CV-00065<br>§<br>§<br>§<br>§ |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendants Customer Assistance Group ("CAG"), a federal agency, and Michelle Parham ("Parham"), the Director of Consumer Compliance Operations for CAG (collectively, the "Federal Defendants") (ECF 4).[1] Also pending before the Court is a Motion for Judgment on the Pleadings filed by Defendants PNC Bank, Julie Sudduth, Annie Thomas, and Brian Thomas (collectively, the "PNC Defendants").  ECF 16.

Having considered the motions, the Court RECOMMENDS that the Federal Defendants' Motion to Dismiss be GRANTED, and that Plaintiff's claims against CAG and Parham be DISMISSED WITHOUT PREJUDICE for lack of subject

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 8.

1

matter jurisdiction. The Court further RECOMMENDS that the claims against the PNC Defendants be REMANDED to state court and the Motion for Judgment on the Pleadings be DENIED WITHOUT PREJUDICE based on lack of subject matter jurisdiction.

I.   Background

This case involves alleged violations of the Texas Business Organization Code. *Pro se* Plaintiff Julien Simmons alleges that he purchased a share of PNC Bank and BBVA and therefore is a minority shareholder of each who has rights to view all the corporation's books and records. ECF 1 at ¶ 4.1. He also contends that he has been denied access to PNC's Bank records "to search for the will of his adopted fathers [sic] trust fund." ECF 1 at ¶ 4.1. Plaintiff contends that as a beneficiary of his adoptive father's trust fund and a shareholder of Defendant PNC Bank ("PNC"), he is entitled to access documents related to the trust fund under various provisions of the Texas Business Organizations Code, TEX. BUS. ORGS. CODE § 21.001 *et seq*. ECF 1-3 at ¶¶ 4.1-4.5. He claims he sent a written demand on November 5, 2021, requesting access to PNC Bank's records to search for the "will of his adopted fathers trust fund David Simmons [sic]," and that PNC bank violated the Business Organizations Code on November 16, 2021 and December 3, 2021 by denying him access to records. *Id.* at ¶ 4.1.

2

On December 17, 2021, Plaintiff filed a complaint with CAG, a division within the Office of the Comptroller of the Currency ("OCC"), complaining of PNC's refusal to provide access to documents. *Id.* at ¶ 4.7. CAG informed Plaintiff that it would not compel PNC to provide the documents, stating that CAG "would be going beyond [its] authority in acting as trier of fact or adjudicator of civil disputes." *Id.* Plaintiff alleges that CAG "refused" to enforce his rights of access to documents by failing to "send the Plaintiff over to OCC for enforcement." *Id.* at ¶ 6.5. Plaintiff's dissatisfaction with CAG's "refusal" to bring enforcement action against PNC forms the basis of his claims against the Federal Defendants. *See id.* at ¶¶ 6.4-6.5; ECF 29 at 2 (describing Parham's conduct as "refusing to enforce a code violation that was an indicator that a crime had been committed").

On October 26, 2022, Plaintiff filed, but did not serve, a suit against the Federal Defendants in the 133rd Judicial District Court of Harris County, Texas. ECF 1 at 1-2. The suit also named each of the PNC Defendants. *Id.* On December 6, 2022, Plaintiff filed an amended petition, requesting service on the same date. ECF 1-3. Defendant CAG was served by certified mail on December 19, 2022. ECF 1-12. The Federal Defendants, including proper party United States of America on behalf of CAG, removed the action on January 9, 2023, invoking federal officer removal jurisdiction under 28 U.S.C. § 1442(a), which provides federal jurisdiction

over civil actions against an agency or officer of the United States relating to any act "under color of such office." ECF 1 at ¶ 2; 28 U.S.C. § 1442(a)(1).

Plaintiff's amended state court petition alleges, among other things, that the Federal Defendants committed "Obstruction of Justice" by failing to enforce his rights under the Texas Business Organizations Code. ECF 1-3 at 8, ¶¶ 6.5-6.6. Plaintiff seeks money damages and an injunction requiring all Defendants to disclose the requested information. *Id.* at ¶¶ 7.0-8.6. Federal Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's claims are barred by sovereign immunity. ECF 4 at 4-6. In the alternative, Federal Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief may be granted. *Id.* at 6-7. Plaintiff argues in an untimely-filed Response that the claims against the Federal Defendants are cognizable under the Federal Tort Claims Act ("FTCA"). ECF 29 at 3. PNC Defendants move under Federal Rule of Civil Procedure 12(c) for Judgment on the Pleadings. ECF 16 at 1-2. As discussed below, the Court finds that it lacks subject matter jurisdiction over this suit pursuant to the derivative jurisdiction doctrine, that Plaintiff's claims against the Federal Defendants are barred by sovereign immunity, and that the claims against the PNC Defendants should be remanded to state court.

## II. Analysis

### A. This Court lacks jurisdiction over Plaintiff's claims because the derivative jurisdiction doctrine applies.

The derivative jurisdiction doctrine maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction. *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). Thus, where a state court lacks jurisdiction over the subject matter or the parties, the federal court acquires no jurisdiction even though "in a like suit originally brought in a federal court it would have had jurisdiction." *Id.* (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). While the derivative jurisdiction doctrine no longer deprives a federal court of jurisdiction in many types of cases, the Fifth Circuit has confirmed that the doctrine still applies to cases removed pursuant to the federal officer removal statute. *See Lopez,* 749 F.3d at 351 ("[T]he new § 1441(f) limits the abrogation of the derivative jurisdiction doctrine to cases removed under 28 U.S.C. § 1441 . . . The doctrine therefore continues to apply to cases removed pursuant to other statutes such as 28 U.S.C. §1442."). This case was removed to federal court pursuant to 28 U.S.C. § 1442, the federal officer removal statute. ECF 1 at ¶ 2; 28 U.S.C. § 1442(a)(1).

> **B. Federal sovereign immunity deprived the state court of subject matter jurisdiction over Plaintiff's Claims against the Federal Defendants.**

A plaintiff may only sue a federal agency if the United States has waived its sovereign immunity for the claim being asserted. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." (citation omitted)); *Newsome v. E.E.O.C.*, No. CIV.A.3:97-CV-3172-G, 1998 WL 792502, at *3 (N.D. Tex. Nov. 5, 1998), *aff'd*, 182 F.3d 915 (5th Cir. 1999) (sovereign immunity extends to agencies and officers of the United States). A waiver of sovereign immunity must be unequivocally expressed in statutory text and cannot be implied. *Wagstaff*, 509 F.3d at 664 (citation omitted). Absent any waiver, a claim met with a valid defense of sovereign immunity must be dismissed for lack of subject matter jurisdiction. *Guevara v. United States*, No. 3:20-CV-0022-D, 2020 WL 1529005 at *3 (N.D. Tex. Mar. 31, 2020).

The FTCA governs waiver of sovereign immunity for certain tort claims. However, Plaintiff's claims do not fall within the scope of the FTCA; they are not claims for property damage or personal injury, and no law would impose liability on a private entity under these same circumstances. *See Galbearth-Robair v. U.S. Equal Opportunity Comm'n*, No. 4:19-CV-4797, 2021 WL 415194, at *1-*2 (S.D. Tex. Jan. 18, 2021) (stating that a plaintiff's claims against the Equal Employment

Opportunity Commission for a defective investigation were not within the scope of the FTCA), *report and recommendation adopted*, No. 4:19-CV-4797, 2021 WL 413525 (S.D. Tex. Feb. 5, 2021). Further, to the extent Plaintiff claims that CAG negligently denied him due process, the Fifth Circuit has held that the FTCA does not waive immunity for "constitutional torts." *Spotts v. United States*, 613 F.3d 559, 565 n.3 (5th Cir. 2010) (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)); *see also Chichakli v. United States*, No. 3:19-cv-00372-C (BT), 2019 WL 7403955, at *6 (N.D. Tex. Dec. 18, 2019), *adopted*, 2020 WL 30374 (N.D. Tex. Jan. 2, 2020). Additionally, the CAG's and OCC's decisions on the investigation and enforcement of alleged banking violations are discretionary functions excepted from the FTCA. *See Clark v. Wells Fargo Bank*, 585 F. App'x 817, 820 (3d Cir. 2014) (affirming the dismissal of a plaintiff's challenge to the OCC's investigation of her accusations against a bank as barred by the FTCA's "discretionary function" exception set forth in 28 U.S.C. § 2680(a)); *Almaguer v. United States*, No. SA-16-CA-1112-FB, 2017 WL 5252572, at *3 (W.D. Tex. May 15, 2017) ("Plaintiff's negligent investigation claim is barred by the discretionary function exception to the FTCA because federal agencies have wide discretion on decisions involving when, where and how to investigate allegations of misconduct."). In short, Plaintiff's claims against CAG are barred by sovereign immunity and are not within the scope of the waiver of immunity contained in the FTCA.

The claims against Federal Defendant Parham are also barred by sovereign immunity. "[A] claim against an individual federal official based on [her] official actions amounts to an action against the sovereign and is barred by sovereign immunity." *Nwaorie v. U.S. Customs & Border Prot.*, 395 F. Supp. 3d 821, 835 (S.D. Tex. 2019) (citing *Rothe Dev. Corp. v. U.S. Dep't of Def.*, 194 F.3d 622, 624 (5th Cir. 1999)). Plaintiff has sued Parham in her official capacity. *See, e.g.*, ECF 29 at 2-3 (discussing Parham's "incompeten[ce]" and stating that "Plaintiff is allowed to sue the federal government for an action that a government employee commits within the scope of their official duties . . . ."). Therefore, Plaintiff's claims against Parham also are barred by sovereign immunity.

Because courts cannot exercise subject matter jurisdiction over claims barred by sovereign immunity, the state court in which Plaintiff originally filed obtained no jurisdiction over Plaintiff's claims against the Federal Defendants. Pursuant to the derivative jurisdiction doctrine, the state court could confer no jurisdiction on this Court upon removal. *Martin v. Hyundai Translead, Inc.*, No. 3:20-CV-2147, 2020 WL 6701806, at *3 (N.D. Tex. Nov. 13, 2020) (quoting *Lopez,* 749 F.3d at 351) ("[F]ederal sovereign immunity deprived state court of subject matter jurisdiction," therefore the federal district court had no jurisdiction over the claims).

Plaintiff's claims against the Federal Defendants should be dismissed, rather than remanded, because dismissal is the proper remedy where a court finds that a

claim removed pursuant to federal officer jurisdiction is barred by sovereign immunity. *Cromar v. United States,* 816 F. App'x 235, 239 (10th Cir. 2020) (holding that the district court was not required to remand to state court after finding a lack of subject-matter jurisdiction on the basis of sovereign immunity). If this Court were to remand the claims against the Federal Defendants to state court the state court would inevitably be obligated to recognize the Federal Defendant's sovereign immunity and dismiss the claims against them for lack of subject matter jurisdiction. *Id.* Because sovereign immunity bars Plaintiff's claims against the Federal Defendants, the Court RECOMMENDS those claims be DISMISSED WITHOUT PREJUDICE.

### C. The remaining claims against the PNC Defendants should be remanded to state court.

PNC Defendants moved for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). ECF 16. The Court cannot address the merits of the PNC Defendants' Motion absent the existence of subject matter jurisdiction. Thus, the Court must first determine whether federal subject matter jurisdiction exists in this Court over the claims against the PNC Defendants. *See Sawyer v. Wright*, 471 F. App'x 260, 261 (5th Cir. 2012) ("[A] federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit.").

The Federal Defendants removed this matter pursuant to the Court's federal officer jurisdiction under Title 28 U.S.C. § 1442(a)(1). That statute permits the

removal of cases by a federal officer or agency, even absent a federal question presented in the complaint, so long as the officer or agency asserts a colorable federal defense. *Latiolais v. Huntington Ingalls Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (en banc). Removal under § 1442(a) authorizes removal of the entire case, including non-removable claims asserted against non-governmental parties, thereby "creat[ing] a species of ancillary jurisdiction over the nonfederal elements of the case." *IMFC Prof. Servs. of Fl., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. 1982). Section 1442(a), however, does not vest this Court with original jurisdiction: "§ 1442(a) is 'a pure jurisdictional statute' and, 'therefore, it cannot independently support Art. III "arising under" jurisdiction.'" *Martin*, 2020 WL 6701806, at *6 (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)).

Here, the claims against the Federal Defendants which provided the basis for federal officer removal and ancillary jurisdiction over the claims against the PNC Defendants, are barred by sovereign immunity. No federal question or diversity jurisdiction exists in this case. No federal question jurisdiction exists because Plaintiff has not asserted any federal cause of action against the PNC Defendants and no federal question is apparent from the face of the Complaint. *See* ECF 1-3 at ¶¶ 6.0-6.4 (demonstrating that Plaintiff brings claims against the PNC Defendants pursuant to the Texas Business Organizations Code). No diversity jurisdiction exists because Plaintiff alleges that he and the PNC Defendants are all citizens of Texas.

*Id.* at ¶¶ 2.1-2.5.  Additionally, at the time of removal, Plaintiff's Petition failed to allege a specific amount of damages and therefore lacked any basis to support an amount in controversy in excess of $75,000 as required for diversity jurisdiction.  *Id.* at ¶¶ 7.0-7.3.  Thus, based on the allegations in the Petition at the time of removal, no original jurisdiction exists in this case.  No party has argued or established any basis for federal jurisdiction over the claims against the PNC Defendants other than the ancillary jurisdiction provided by federal officer removal jurisdiction.  As discussed above, this Court lacks jurisdiction over the claims against the Federal Defendants pursuant to the derivative jurisdiction doctrine applicable to claims removed under § 1442.

The district court must remand a case if at any time before final judgment, it appears that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  In the context of federal officer removal, some courts in this circuit have held that a district court has discretion either to remand remaining nonfederal officer claims to state court or to continue exercising supplemental jurisdiction over them.  *IMFC Prof'l Servs. of Fl.*, 676 F.2d at 160 ("[W]e find independent authority for a discretion to remand from the nature of the ancillary jurisdiction created by § 1442(a)(1)"); *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 862-63 (5th Cir. 2021); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3726 ("The district court can exercise its discretion to decline

11

jurisdiction over the supplemental claims if the federal agency drops out of the case . . . ."). Other courts, by contrast, have held that remand is required after dismissal of the claims against federal defendants where the matter was removed under § 1442. *Martin*, 2020 WL 6701806, at *6 ("Because the Court dismissed AAFES and finds there is no other source of original jurisdiction in this case supported by the record at the time of removal, remand is required."); *Powerex v. Reliant Energy Servs. Inc.*, 551 U.S. 224, 234-35 n.3 (2007) (noting that the parties cited no authority that "a district court presiding over a multiparty removed case can invoke supplemental jurisdiction to hear claims against a party that cannot independently remove when the claims against the only parties authorized to remove are barred by *sovereign immunity*." (emphasis in original)).

The *Martin* case is directly on point. The *Martin* court held that although the case had been properly removed pursuant to § 1442(a)(1), the federal officer removal statute, federal sovereign immunity and the derivative jurisdiction doctrine deprived both the state and federal court of jurisdiction over the claims against the federal officers. *Martin*, 2020 WL 6701806, at *2-3 ("[T]he doctrine of derivative jurisdiction dictates that this Court did not acquire jurisdiction over [the federal agency] upon removal under § 1442(a). The Court must dismiss these claims against [the federal agency.]" (internal citations omitted)). The *Martin* court then went on to find that the doctrine of derivative jurisdiction either deprived the court of original

12

jurisdiction at the outset or resulted in a procedural defect which prevented removal under § 1442(a) from vesting the court with original jurisdiction over the remaining claims in the case. *Id*. at *4. The *Martin* court reasoned that even if it had been vested with jurisdiction over the remaining claims pursuant to ancillary jurisdiction under the federal officer removal statute, it would decline to exercise that jurisdiction. *Id*. "All told, the Court [found] that it lack[ed] subject matter jurisdiction over the case and therefore it must be remanded." *Id*. The Court concluded that "[b]ecause the Court dismissed [the federal agency] and finds there is no other source of original jurisdiction in this case supported by the record at the time of removal, remand is required." *Id*. at *6 (citing 28 U.S.C. § 1447(c)).

Given that in this case:

- the claims against the Federal Defendants are barred by sovereign immunity;

- federal sovereign immunity prevented the state court from acquiring jurisdiction over the claims against the Federal Defendants;

- the derivative jurisdiction doctrine dictates that the federal court acquires only the jurisdiction that existed in the state court;

- the only basis for federal jurisdiction over the claims against the PNC Defendants is ancillary jurisdiction under the federal officer removal statute; and

- this Court lacks jurisdiction over the claims against the Federal Defendants which provided the basis for removal;

13

the Court finds that it lacks ancillary jurisdiction over the claims against the PNC Defendants and therefore those claims should be remanded to state court. *See id.* at *9 ("Even though this case was properly removed by [the federal agency], the Court nevertheless finds that remand is required under the facts of this case because subject-matter jurisdiction is completely lacking in this matter." (citing 28 U.S.C. § 1447(a)).

Even if the Court *could* exercise some form of ancillary/supplemental jurisdiction over Plaintiff's claims against PNC Defendants, the Court would, in its discretion, decline to exercise that jurisdiction. The remaining claims are governed by state law and concern parties who are uniformly alleged to be residents of Texas. This case is still in its early stages: It was removed in January 2023 (ECF 1); no Initial Conference has been held (ECF 28); and all discovery in this matter has been stayed pending resolution of Defendants' Motions (*id.*). Remand will permit the case to proceed in the forum of Plaintiff's choice. *See* ECF 7 (Plaintiff's objection to the removal of the case). So, even if this Court could exercise supplemental jurisdiction over Plaintiff's claims against PNC Defendants, the exercise of supplemental jurisdiction is not warranted in this case. Accordingly, the claims should be remanded to the 133rd Judicial District Court of Harris County, Texas.

"Any order remanding for lack of subject matter jurisdiction necessarily denies all other pending motions[.]" *Dahiya v. Talmidge Intern., Ltd.*, 371 F.3d 207,

14

210 (5th Cir. 2004) (citation omitted). Because the Court finds that it lacks subject matter jurisdiction over the claims against PNC Defendants, the Court RECOMMENDS that PNC Defendants' Motion for Judgment on the Pleadings (ECF 16) be DENIED.

### III.  Conclusion and Recommendation

For these reasons, the Court RECOMMENDS that Federal Defendants' Motion to Dismiss under Federal Rule of Procedure 12(b)(1) (ECF 4) be GRANTED, and the claims against Defendants CAG (Consumer Assistance Group), proper party the United States of America, and Michelle Parham be DISMISSED WITHOUT PREJUDICE as barred by sovereign immunity. The Court also RECOMMENDS that the remaining claims be REMANDED to the 133rd Judicial District Court of Harris County, Texas, and that PNC Defendants' Motion for Judgment on the Pleadings (ECF 16) be DENIED due to the Court's lack of subject matter jurisdiction over the case.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 28, 2023, at Houston, Texas.

_____<br>
Christina A. Bryan<br>
United States Magistrate Judge