United States District Court
Southern District of Texas
**ENTERED**
September 12, 2023
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| JULIEN SIMMONS, I, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-00065 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CONSUMER | § | |
| ASSISTANCE GROUP, | § | |
| *et al,* | § | |
| Defendants. | § | |

## Order Adopting
### Memorandum and Recommendation

Plaintiff Julien Simmons, proceeding *pro se,* filed a petition in state court alleging (i) various violations of the Texas Business Organization Code against Defendant PNC Bank and its employees Julie Sudduth, Brian Thomas, and Annie Thomas (referred to as *the PNC Defendants*); and (ii) claims for failure to take enforcement action as to PNC Bank against Defendants Consumer Assistant Group and Michelle Parham (referred to as *the Federal Defendants*). Dkt. 1-3 at 3-6. The Federal Defendants timely removed to federal court under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), on January 9, 2023.

The Federal Defendants filed a motion to dismiss on January 17, 2023, arguing that Plaintiff's claims against them were barred by sovereign immunity. Dkt. 4. The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 8. The PNC Defendants filed a motion for judgment on the pleadings on March 8, 2023. Dkt. 16.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan dated July 28, 2023. Dkt. 36. She recommends that the claims against the Federal Defendants be dismissed without prejudice as barred by sovereign immunity. Id at 15. Finding that the Court lacked subject matter jurisdiction over the remainder of the claims, she also recommends that the remaining claims be remanded to the 133rd Judicial District Court of Harris County, Texas. Ibid. She further recommends that the motion by the PNC Defendants for judgment on the pleadings be denied due to the Court's lack of subject matter jurisdiction over the case.

After this recommendation, the Fifth Circuit decided *Spivey v Chitimacha Tribe of Louisiana*, holding that there is no "futility exception" to 28 USC § 1447(c). 2023 WL 5274419 (5th Cir Aug 16, 2023). When a district court "determines that it lacks subject matter jurisdiction over a removed case, it *must* remand." Id at *2 (emphasis in original). The court cited the "statute's plain text and the great weight of authority from across the country" to support its conclusion that Section 1447(c) "means what it says, admits of no exceptions, and requires remand even when the district court thinks it futile." Id at *3.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections.

The Memorandum and Recommendation will be adopted only in part. Given the lack of subject matter jurisdiction in the federal courts—which decision by Judge Bryan is correct—the later decision in *Spivey* requires the

remand of all claims, without any resolution of those against the Federal Defendants.

The recommendation by Judge Bryan as to lack of subject matter jurisdiction is ADOPTED as the opinion and order of the Court.

This action and all claims brought by Plaintiff are REMANDED to the 133rd Judicial District Court of Harris County, Texas.

For the avoidance of doubt, the merits of the motions to dismiss by the Federal Defendants and PNC Defendants remain pending for resolution upon remand, due to the lack of subject matter jurisdiction in the federal courts.

SO ORDERED.

Signed on September 11, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3